**GOVERNMENT OF THE VIRGIN ISLANDS, EX REL: MAUREEN R. WOODS, Appellant**

**v.**

**WINSTON DAVIS, Appellee**

D.C. Civil App. No. 2003/014

District Court of the Virgin Islands

Division of St. Croix

December 5, 2008

JOEL H. FELD, AAG, M. LAVONNE THOMPSON, AAG, St. Croix, USVI, *Attorneys for Appellant.*

WINSTON DAVIS, *pro se*, Marietta, Georgia, *Appellee.*

GÓMEZ, *Chief Judge, District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and CARROLL III, *Judge of the Superior Court of the Virgin Islands, sitting by designation.*

## Memorandum Opinion

December 5, 2008

This appeal asks us to determine whether the trial court abused its discretion in dismissing a case, *sua sponte*, for failing to comply with a court order.

## I. FACTUAL AND PROCEDURAL POSTURE

On August 16, 2001, an administrative hearing was conducted before the Virgin Islands Department of Justice, Division of Paternity and Child Support, concerning Appellee, Winston A. Davis' child support obligations. Therein, the hearing officer made findings of fact and conclusions of law resulting in the termination of Davis' child support obligations.[1] As a result, the hearing officer dismissed the case without prejudice. On August 20, 2001, a written order was issued. On August 31, 2001, The Government ("Appellant" or "Government") filed its motion for reconsideration, which the hearing officer denied on September 17, 2002.

Thereafter, the Government filed a timely appeal of the hearing officer's September 17, 2002 ruling to the Superior Court of the Virgin Islands.[2] On October 16, 2002, the trial judge ordered that:

> "[A] copy of the Administrative Hearing Officer's written order with specific facts and conclusions of law denying the Government's Motion for Reconsideration be submitted within Twenty (20) days from the date of this order as required by 16 V.I.C. § 354(b)."

(J.A. p. 3.)[3]

---

[1] The administrative hearing officer found that Davis had two children, namely Crystal and Ivy Davis. At the time of the hearing, Ivy had reached the age of majority and Crystal died in an automobile accident, thus eliminating Davis' support obligations.

[2] At all times relevant to the lower court's proceedings, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, where applicable, the Court employs the terms Superior Court and judge of the Superior Court.

[3] V.I. CODE ANN. tit. 16, § 354(b) (1996) provides that:

Orders entered by a hearing officer shall be in writing, shall contain specific findings of fact and conclusions of law, shall be served on all parties, and shall have the same force and effect as orders entered by judges of the Superior Court, except that an appeal from an order of a hearing officer may be taken to a Family Division judge of the Superior Court within (20) days of the entry of the order. Such appeal shall only be made upon a showing of material mistake of fact or conclusion of law, with the burden of proof upon the challenger, and, unless the court finds good cause, the paternity or support order entered by the hearing officer shall continue in force while the matter is on appeal.

*Id.*

After the twenty days had elapsed, on January 10, 2003, the trial judge denied the Government's administrative appeal, *sua sponte*, for failure to "comply with the Court's order of October 16, 2002." (J.A. p. 2.) It is from the trial court's January 10, 2003, final order that this appeal arises.

## II. STANDARD OF REVIEW AND JURISDICTION

This Court has jurisdiction to consider the instant appeal, this being a final civil judgment from the Family Division of the Superior Court. Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a; V.I. CODE ANN. tit. 16, § 109 (1996); V.I. CODE ANN. tit. 4, §§ 33-40 (2001). The applicable standard of review for involuntary dismissal under FED. R. CIV. P. 41(b) is abuse of discretion. *See Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 691 (3d Cir. 1988)(citing *NHL v. Metro. Hockey Club*, 427 U.S. 639, 642, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)).

## III. DISCUSSION

The Government's administrative appeal was denied for not complying with the trial court's October 16, 2002 order. The trial court cited no rule of local or federal procedure upon which it based its dismissal. However, FED. R. CIV. P. 41(b) provides in pertinent part that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

*Id.*

A court may dismiss an action *sua sponte* under FED. R. CIV. P. 41(b) for failure to comply with a duly issued order. *See Berry v. St. Thomas Gas Co.*, 36 V.I. 64 (Terr. Ct. 1997).

In *Poulis v. State Farm Fire & Cas. Co.*,[4] the Court of Appeals for the Third Circuit examined the factors to be balanced by a trial court in deciding whether to dismiss a complaint due to a plaintiff's failure to meet court imposed deadlines and other procedural requisites. *Poulis*, 747 F.2d at 868-70. These factors are (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) whether there has been

---

[4]   747 F.2d 863 (3d Cir. 1984).

a history of dilatoriness in the case; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense.[5] *Id.*

The *Poulis* analysis involves a balancing test, and therefore, it is not necessary that all of the *Poulis* factors are met to warrant dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). However, a trial court "cannot simply ignore the *Poulis* factors." *Myers v. Derr*, 2001 U.S. Dist. LEXIS 16858, at *10 (D.V.I. App. Div. Aug. 15, 2001) (holding that where the trial court dismissed a case *sua sponte,* pursuant to FED. R. CIV. P. 41(b), it could not ignore the *Poulis* factors); *see also Scarborough*, 747 F.2d at 875 (holding that, because a *sua sponte* Rule 41(b) dismissal order deprives a party of its day in court, a reviewing court must carefully review each such case to ascertain whether the trial court abused its discretion in applying such an extreme sanction).

█ In this case, the trial court's dismissal for failure to comply with its order is devoid of any *Poulis* considerations whatsoever. In fact, the court's one-page order lacks any analysis that substantiates its rejection of the Appellant's claim. The Third Circuit Court of Appeals has emphasized that trial courts should be reluctant to deprive a party the right to have its claim adjudicated on the merits. *See, e.g., Donnelly v. Johns-Manville Sales Corporation*, 677 F.2d 339, 341 (3d Cir. 1982). In this case, the trial court abused its discretion by dismissing this matter without so much as a fleeting reference to the *Poulis* factors. Accordingly, we shall vacate and remand with instructions for the trial court to consider its dismissal in light of the considerations set forth in *Poulis*.

## IV. CONCLUSION

For the reasons cited above, we shall vacate the trial court's dismissal of this action. We further remand this matter with the instruction that the Superior Court consider the *Poulis* factors and otherwise articulate its reasons for rejecting Appellant's claim; or hear Appellant's administrative appeal on the merits.

---

[5] The Court of Appeals for the Third Circuit has specifically used these factors in examining a motion for involuntary dismissal pursuant to FED. R. CIV. P. 41(b). *See Dunbar v. Triangle Lumber and Supply Co.*, 816 F.2d 126 (3d Cir. 1987); *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984).